**Harold HOFSTRA and Alignment Service Co., Inc., Plaintiffs-Appellants,**

v.

**J. L. SCHRIBER, Defendant-Respondent.**

**No. 55653.**

Supreme Court of Missouri, Division No. 1.

Jan. 10, 1972.

David W. Shinn, Charles R. Wall, Kansas City, for appellants; Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

William J. Burrell, J. Nelson Happy, Kansas City, for respondent; Dietrich, Davis, Burrell, Dicus & Rowlands, Kansas City, of counsel.

WELBORN, Commissioner.

Lewis F. Johnson had judgment against Harold Hofstra and Alignment Service Co., Inc., for $56,000 for damages for injuries sustained by Johnson when he ran into a truck owned by J. L. Schriber. The Johnson judgment was eventually satisfied by payment of $20,000. Hofstra and Alignment brought suit against Schriber to recover, by way of indemnity, the amount paid Johnson. A motion of Schriber for summary judgment was sustained and plaintiffs appeal.

The petition in the present action alleged that Schriber had taken his Dodge truck to Dodge Trucks, Inc., to have the alignment checked; that Dodge Trucks brought the vehicle to Alignment Service Co., Inc., to have the work done; that while the truck was in the custody of Alignment it stalled on the roadway of I–70 in Kansas City and remained inoperable because of a clogged fuel line; that while the truck was stalled on I–70 and inoperable, Johnson drove his auto into the rear of the truck and suffered injury for which he recovered judgment of $56,000 upon suit in the circuit court, which was eventually settled for $20,000.

The petition further alleged:

"3. That plaintiffs were found negligent by a jury upon trial of said lawsuit for allowing the stalled motor vehicle to remain on the traveled portion of the roadway, and that such negligence was secondary or passive where Lewis F. Johnson's injuries were caused or directly contributed to be caused by the following active primary and positive acts of the defendant:

"(a) That defendant failed to exercise ordinary care in cleaning said auxiliary tank before installing it on his truck,

"(b) That defendant failed to use ordinary care in discovering the rusty or deteriorated condition of said auxiliary tank before installing it on said truck and allowing it to remain on said truck after he should have discovered its condition, and

"(c) That defendant failed to warn Dodge Trucks, Inc. or the plaintiffs of the rusty and deteriorated condition of the auxiliary tank before leaving said truck with them."

Schriber filed a motion for summary judgment. Attached as exhibits to the motion were the petition in the circuit court in the case of Johnson v. Alignment Service Co., Inc., and Harold Hofstra, the defendant's answer, Instructions Nos. 2 through 9, given the jury in the trial of the case and the jury's verdict. Based

upon such exhibits, with no response having been filed by plaintiffs, the trial court sustained defendant's motion. After an unavailing motion for rehearing in the trial court, this appeal followed.

The contention of appellants here is that the entry of summary judgment was error because the defendant's motion and the exhibits offered in its support failed to demonstrate the absence of any material issue of fact between the parties. The question presented by appellants involves the meaning to be given the plaintiff's verdict-directing instruction in the Johnson case, which read:

## "INSTRUCTION NO. 4

"Your verdict must be for the plaintiff if you believe:

"First, defendants allowed the stalled truck to remain standing on the traveled portion of the highway, and

"Second, defendants were thereby negligent, and

"Third, as a direct result of such negligence the plaintiff sustained damage.

"Unless you believe plaintiff is not entitled to recover by reason of Instruction No. 6."

Appellants contend that this instruction is open to an interpretation which would support a finding that their negligence, as submitted in the Johnson case, was secondary only and that the respondent's negligence was primary, thereby affording them a right of indemnity. They contend that, had they not been precluded by the summary judgment, they might have shown that the jury, in the light of the evidence in the Johnson case, could only have interpreted the phrase "defendants allowed the stalled truck to have remained standing" to mean that the appellants' negligence lay in their having permitted the truck to stall and therefore to remain on the highway. They contend that, under such possible and permissible interpretation of the instruction, their negligence lay only in their failure to

discover the condition which caused the truck to stall and was secondary to the negligence of the respondent in creating the condition, and that the motion and supporting exhibits do not preclude the existence of a factual controversy, resolvable by a jury, on the interpretation of the Johnson instruction.

The issue submitted in the Johnson case was clear and simple. It was whether or not appellants were negligent in allowing the stalled truck to remain standing on the highway. The instruction submitted this ultimate issue, in accordance with the practice under MAI, without requiring findings of "detailed evidentiary facts." Supreme Court Rule 70.01(e), V.A.M.R. The jury verdict on that issue and the judgment entered in the Johnson case establish, for purposes of this action, the negligence of which the appellants were guilty. Western Casualty & Surety Co. v. Shell Oil Co., Mo.App., 413 S.W.2d 550, 555–556 [2–4]. The instruction given is not ambiguous and is not properly susceptible of construction which would make causing or permitting the vehicle to stall rather than allowing the stalled vehicle to remain on the highway the wrongful act of the appellants.

Appellants may not now be heard to say that the evidence in the Johnson case did not support the submission of leaving the vehicle on the roadway as the wrongful act. If that is true, that is a matter for which appellants had their remedy in the Johnson case. It affords no grounds for now asserting that, since there was no such evidence, the jury must have considered the issue submitted to it to have been negligence in having allowed the truck to stall and that a factual issue at least exists as to whether or not the Johnson jury attributed such interpretation to the instruction.

The Johnson judgment is the controlling factor in this case and its meaning is a question of law, not a question of fact to be submitted to a jury. Koontz v. Whitaker, Mo.App., 111 S.W.2d 197, 201 [10]. The trial court properly concluded that the

only question presented to it was one of law, determinable on summary judgment. The trial court further properly found that, as a matter of law, the appellants had been found guilty of primary negligence in the Johnson case, thereby precluding any claim against respondent on the basis of indemnity. Crouch v. Tourtelot, Mo.Sup., 350 S.W.2d 799, 803–808.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.